# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN FRABBIELE** | **CIVIL ACTION** |
| **VERSUS** | **NO:  18-3527** |
| **ANDREW SAUL, COMM'R OF THE SOCIAL SECURITY ADMIN.** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Objections** (Rec. Doc. 12) to the Magistrate

Judge's Report and Recommendation (Rec. Doc. 11) are **SUSTAINED**, and this matter is hereby

**REMANDED** to the Commissioner of the Social Security Administration ("SSA"), for further

proceedings consistent with this opinion.

## BACKGROUND

Plaintiff appeals the decision of the Commissioner of the SSA finding that he must repay

$73,180 overpaid to him by the SSA. The Magistrate Judge recommended the appeal be denied,

and plaintiff filed the instant objections.

Plaintiff, John Frabbiele, served as representative payee for his son, Anthony Frabbiele,

when his son began receiving social security benefits on September 1, 2001. In March 2006, his

son was hospitalized at Eastern Louisiana Mental Health System (hereinafter, "mental hospital"),

where he remained until March 2014. Upon his son's hospitalization, plaintiff verbally informed

the SSA of the hospitalization, and plaintiff testified that he was verbally informed at that time

that it would not affect the Social Security payments. Also, in his first representative payee

report filed after his son's admission to the hospital, he reported that his son was living at the mental hospital. In subsequent representative payee reports, from 2007 to 2014, plaintiff accurately reported that his son's living situation was unchanged.

After informing Social Security that his son was admitted to the mental hospital, the plaintiff continued to receive benefits. However, in a letter dated April 20, 2014, the SSA informed plaintiff that Anthony Frabbiele's benefits would be stopped because he was imprisoned for conviction of a crime. On April 29, 2014, Social Security sent a letter to plaintiff stating that he had received an overpayment of $75,538, spanning the period from March 2006 through March 2014, while his son was in the mental hospital. It further stated that $2,358.00 of Patricia Frabbiele's benefits was applied to the overpayment, and the remaining balance due was $73,180.00. Since the overpayment was identified, plaintiff, who has cancer that requires him to get regular treatment at Ochsner, has had his own Social Security benefits withheld.

Plaintiff challenged this finding, arguing that his son had not been imprisoned for conviction of a crime, that he had informed the SSA of his son's residency at the mental hospital, and that the Social Security payments had been used to cover his son's expenses, and notably, $50,000.00 had been used to purchase a lot and trailer for his son to live in upon his release from the mental hospital.

At the hearing, the ALJ found that plaintiff was not at fault in causing the overpayment, because he had adequately and accurately notified the SSA of his son's living arrangements. The decision enumerated the reported expenses on his son's behalf for the period at issue, based on the representative payee reports. In her decision, the ALJ noted that there was no supporting

2

documentation for the trailer and land purchase.

Plaintiff filed a request for review with the Social Security Appeals Council.[1] In connection with that review, he provided a copy of the bill of sale for the land and trailer purchased for his son for $50,000.00. However, on February 1, 2018, the Appeals Council issued a denial. The denial letter specifically recited that the new evidence "does not show a reasonable probability that it would change the outcome of the [ALJ's] decision. We did not consider and exhibit this evidence."

**DISCUSSION**

*Standard of Review*

A district court's review of a final decision of the Commissioner of the SSA under 42 U.S.C. 405(g) is limited to "whether (1) the decision is supported by substantial evidence and (2) proper legal standards were used to evaluate the evidence." <u>Martinez v. Chater</u>, 64 F.3d 172, 173 (5th Cir. 1995); <u>Austin v. Shalala</u>, 994 F.2d 1170, 1174 (5th Cir. 1993). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Coastal Production Serv. Inc. v. Hudson</u>, 555 F.3d 426, 430 (5th Cir. 2009).

*Applicable Law*

Title 42 U.S. § 402(x)(1)(A) explicitly states that an individual is not entitled to receive payment for either:

_____

[1] Originally, the request was denied as untimely, but the timeliness issue was ultimately resolved in plaintiff's favor and the request was considered.

(1) being confined in a penal institution pursuant to conviction of a crime, or

(2) being confined by court order in an institution at public expense in connection with

>a) a verdict or finding that the individual is not guilty of such an offense by reason of insanity,
>
>b) a finding that the individual is incompetent to stand trial under an allegation of such an offense, or
>
>c) a similar verdict or finding with respect to such an offense based on mental disease, a mental defect, or other similar factors.

An overpayment of benefits occurs under the Act when an individual has received more funds than the amount to which he is entitled. 20 C.F.R. § 404.501(a). No benefit for any month and no lump sum is payable to an individual to whom an overpayment was made until an amount equal to the amount of the overpayment has been withheld or refunded. 20 C.F.R. § 404.502(a).

The Social Security Act provides that "[i]n any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of [the Act] or would be against equity and good conscience. 42 U.S.C. § 404(b). Thus, the waiver of recovery of an overpayment of Social Security benefits is granted only where an individual is "without fault" in causing the overpayment, and where recovery of the overpayment would either defeat the purpose of the Act or be against equity and good conscience. 42 U.S.C. § 404(b); 20 CFR §§ 404.506(a), 404.509.

Recovery of the overpayment defeats the purpose of the Act if it would "deprive a person of income required for ordinary and necessary living expenses. This depends on whether

the person has financial resources sufficient for more than ordinary and necessary needs, or is dependent on all of his current benefits for such needs." 20 CFR § 404.508(a). Recovery of an overpayment is "against equity and good conscience" if an individual "[c]hanged his or her position for the worse or relinquished a valuable right because of reliance upon a notice that a payment would be made or because of the overpayment itself. . . ." 20 CFR § 404.509(a)(1).

*Application of law to facts*

Plaintiff alleges that the ALJ erred in finding that an overpayment occurred because he was not entitled to benefits during the period in which he was imprisoned pursuant to conviction of a crime, because his son was never convicted as a crime. However, the record reflects that plaintiff's son was admitted and hospitalized in June 2006 at public expense to the Eastern Louisiana Mental Health System, because he was incompetent to stand trial after committing a felony. Accordingly, pursuant to 42 U.S.C. § 402(x)(1)(A)(2)(b), the ALJ correctly found that an overpayment occurred.

The ALJ also correctly found that plaintiff was without fault in causing the overpayment because he promptly and accurately reported to SSA the change in his son's living arrangements.

Thus, the sole issue before this court is whether substantial record evidence establishes that recovery of the overpayment from plaintiff would defeat the purpose of the Act or be against equity and good conscience. The ALJ found that recovery would not be against equity and good conscience because the plaintiff did not change his position for the worse or relinquish a valuable right. In making this finding, the ALJ specifically noted that "[a]lthough

5

the claimant testified that he purchased a trailer and land for the claimant and has paid for utilities of the property, which would reasonably account for some of the expenses outlined in the Representative Payee Reports, the claimant provided no evidence of the trailer purchase and has provided no supporting documentation of the expenses report to the Agency." ALJ Decision, at Rec. p. 67.

Subsequent to the issuance of the ALJ's decision, a copy of the act of sale reflecting that plaintiff had purchased the land and trailer for his son for $50,000, was provided in connection with the appeal and is included in the record. Plaintiff testified, and the record reflects, that plaintiff purchased the land and a trailer for his son to live in, and paid for the utilities and upkeep for his son's home and other living expenses. He did not know when his son would be released from the mental hospital, but knew that upon release, he would require a place to live, and because of his son's condition, living with his father was not possible.[2] His son had previously been evicted from an apartment because he stayed up all night making loud noises disturbing to other tenants. Plaintiff contends that he properly used the funds as a representative payee to purchase a trailer in a setting where plaintiff could live without close neighbors. Plaintiff argues that if he had known that his son was not entitled to benefits while in the mental hospital, then he would not have purchased a trailer and continued to pay for its upkeep. Thus, he contends he changed his financial position for the worse in reliance on the payments, and it is therefore against equity and good conscience to require plaintiff to repay the full amount of

---

[2] Anthony Frabbiele's history includes pulling a shotgun which he believed to be loaded on his father. On another occasion, Anthony shot himself in the face and arm with a shotgun.

the overpayment.

In its denial letter, the Appeals Council claims that the new evidence "does not show a reasonable probability that it would change the outcome of the [ALJ's] decision. We did not consider and exhibit this evidence."

The court finds that because the ALJ's finding was specifically premised on the fact that there was no evidence for the expenditure for the trailer for plaintiff's son, and that ordering repayment "would not defeat the purpose of the act nor be against equity and good conscience because the plaintiff did not change his position for the worse," it is reasonably probable that the bill of sale evidencing this expenditure by plaintiff on his son's behalf, which provides both proof of the expenditure as well as that plaintiff changed his position for the worse based on receipt of the overpayments, would change the outcome of the ALJ's decision. Accordingly, the court finds that the Appeals Council erred in failing to remand this matter to the ALJ for her to consider this evidence. Therefore,

**IT IS ORDERED** that plaintiff's **Objections** (Rec. Doc. 12) to the Magistrate Judge's Report and Recommendation (Rec. Doc. 11) are **SUSTAINED**, and this matter is remanded to the Commissioner for further proceedings consistent with this opinion, pursuant to the sixth sentence of § 405(g).

New Orleans, Louisiana, this __22nd__ day of August, 2019.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**